People v Sabbagh (2018 NY Slip Op 05700)





People v Sabbagh


2018 NY Slip Op 05700


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-10951
 (Ind. No. 10139/14)

[*1]The People of the State of New York, respondent,
v
Jacob Sabbagh, appellant.


Michael L. Soshnick, Mineola, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Kristen A. Carroll of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan D. Marrus, J.), rendered September 7, 2016, convicting him of course of sexual conduct against a child in the second degree, upon a jury verdict, and imposing sentence. By decision and order on motion dated April 25, 2017, this Court, inter alia, granted the defendant's motion to extend a stay of execution of the judgment, which was granted by an order of the Supreme Court, Kings County, dated September 7, 2016, and previously extended by decision and order of this Court dated January 18, 2017, pending the hearing and determination of the appeal.
ORDERED that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50(5).
The defendant contends the verdict of guilt was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court